### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

JAMES OTERO,

     Plaintiff,

v.                                        No. CIV 08-907 JC/LFG

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT, ET AL.,

     Defendants.

### MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS TO COUNT V

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment as to Count V (Doc. 11), filed November 24, 2008.  The Court has reviewed the parties' submissions and, being otherwise informed in the premises, finds that Defendants' Motion is well-taken and should be granted.

## I.    BACKGROUND

Among other claims, Plaintiff seeks to recover pursuant to 42 U.S.C. § 1983 on the grounds that Defendants violated his liberty interest without due process of law.  *Am. Complt.* at 11 (asserting Count V, entitled "42 U.S.C. § 1983 (Liberty Interest)").  Specifically, Plaintiff claims that "Defendants Knipfing, Jablonski, Gonzales, and Porter have made verbal and written statements that impugn the good name, reputation, honor, and integrity of Plaintiff.  Defendants placed such written statements in Plaintiff's personnel file during the course of his employment, for the purpose of foreclosing other employment opportunities for Plaintiff."  *Id.* at ¶ 99.

Defendants' Motion seeks dismissal of Count V with prejudice on the grounds that "Defendants Knipfing, Jablonski, Gonzales, and Porter in their individual capacities are entitled

to qualified immunity, since the undisputed evidence shows that they did not violate the constitutional right claimed by Plaintiff." *Motion* at 1.

In response, Plaintiff argues for the first time that Defendants violated his constitutional right to privacy. *See generally Pl.'s Resp.*

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).  A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2).  The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing the motion. *Adler* at 670 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 265).

## III.    DISCUSSION

In order to pursue his § 1983 claim, Plaintiff must demonstrate "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.

2

Based on Plaintiff's Complaint, it appears he originally intended to claim that Defendants deprived him of his right to liberty. *Complt.* at 10-11. In response to Defendants' Motion, however, Plaintiff appears to have chosen instead to pursue a claim that Defendants violated his right to privacy. *See generally Resp.* The Court will analyze Plaintiff's Count V both as it was initially pled and as it has developed.

Defendants contend they are qualifiedly immune from Plaintiff's claims in Count V. *See generally Motion* (entitled "Motion for Summary Judgment as to Count V (Qualified Immunity)"). When a defendant moves for summary judgment on the basis of qualified immunity, a court must first consider whether the facts, taken in the light most favorable to the party asserting the injury, show the Defendants' conduct to be in violation of a constitutional right. *Fogarty v. Gallegos*, 523 F.3d 1147, 1155 (10th Cir. 2008). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

### A.  Defendants Have Not Violated Plaintiff's Protected Liberty Interest in His Good Reputation and/or Future Employment Opportunities.

The Supreme Court has held that "the weight of our decisions establishes no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Paul v. Davis*, 424 U.S. 693, 702, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Indeed, the interest in reputation alone does not qualify as a protected liberty interest. *Id.* at 1165. The Supreme Court analyzed its prior decisions in *Paul v. Davis* and held that

In each of these cases, as a result of the state action complained of,

> a right or status previously recognized by state law was distinctly
> altered or extinguished.  It was this alteration, officially removing
> the interest from the recognition and protection previously
> afforded by the State, which we found sufficient to invoke the
> procedural guarantees contained in the Due Process Clause of the
> Fourteenth Amendment.  But the interest in reputation alone which
> respondent seeks to vindicate in this action in federal court is quite
> different from the "liberty" or "property" recognized in those
> decisions.

*Id.*  The Court went on to explain that the plaintiff's interest in his reputation "was simply one of

a number which the State may protect against injury by virtue of its tort law," and "any harm or

injury to that interest ... does not result in a deprivation of any 'liberty' or 'property' recognized

by state or federal law."  *Id.* at 1166.

Consistent with the Supreme Court's decision in *Paul v. Davis*, the Tenth Circuit has

required plaintiffs in cases such as this to show that the reputational harm asserted resulted in

some alteration or extinguishment of a previously-recognized right or status.  *Stidham v. Peace

Officer Standards and Training*, 265 F.3d 1144, 1153 (10th Cir. 2001) (requiring plaintiffs to

"show that their reputation was damaged in connection with an adverse action taken against

them").  As a practical matter, the Tenth Circuit has historically required that allegedly

defamatory statements be made in the course of termination or effectively foreclose other

employment opportunities.  *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994) (requiring as

an element of such claims that allegedly defamatory statements "must occur in the course of

terminating the [plaintiff's employment] or must foreclose other employment opportunities").

More recently, however, the Tenth Circuit has held that termination is required to sustain

a § 1983 claim for reputational harm.  *Stidham*, 265 F.3d at 1154 (holding that the plaintiff had

"not adequately alleged a claim for the violation of a constitutionally-protected liberty interest"

even though he had shown a reputational injury that effectively foreclosed other employment opportunities). Recognizing that the *Stidham* plaintiff's cause of action "would have survived under *Paul* and its progeny," the Tenth Circuit nonetheless felt compelled to dismiss the plaintiff's claim in *Stidham* based on the Supreme Court's more recent decision in *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). *Id.*

*Siegert* involved allegations by a clinical psychologist who had resigned a previous position with the federal government under threat of termination and subsequently sought employment at an Army hospital in Germany. According to the plaintiff, his prior employer told his prospective employer that he was "inept and unethical" and "perhaps the least trustworthy individual I have supervised." *Id.* at 228. Plaintiff then brought suit against the prior employer, alleging that the prior employer had effectively prevented him from obtaining future employment in federal institutions. *Id.* The Supreme Court rejected this claim, reasoning that the plaintiff had not been terminated due to the alleged defamation and that damages for reputation injuries "may be recoverable under state tort law but [are] not recoverable in a federal action." *Id.* Thus, whereas *Paul* would have permitted § 1983 plaintiffs to recover for reputational damage where a defendant's defamatory statements were proven to foreclose other employment opportunitites, *Siegert* clarifies that recovery is only available in these cases if the plaintiff is terminated due to the alleged defamation.

Plaintiff in the present case does not dispute the fact that "[s]ince 2001, [he] has been continuously employed by the New Mexico Corrections Department." *Compare Motion* at 5 (asserting Undisputed Material Fact 1) *with Resp.* at 2 (admitting Defs.' Undisputed Material Fact 1). As such, under *Siegert* and *Stidham*, Plaintiff cannot show deprivation or violation of

5

any federal constitutional rights, and Defendants Knipfing, Jablonski, Gonzales, and Porter are therefore entitled to qualified immunity.  Plaintiff's Count V will be dismissed with prejudice.

      **B.**      **Plaintiff Cannot Show A Violation of His Constitutional Right of Privacy.**

Though it is not specifically guaranteed by the Constitution, the Supreme Court has recognized the more specific constitutional rights create "zones of privacy," which are protected by the Constitution and which may provide a basis for a § 1983 action.  *Paul v. Davis*, 424 U.S. at 712-13.  The right to privacy encompasses "the individual interest in avoiding disclosure of personal matters," *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977).  However, the constitutional guarantee of personal privacy has been interpreted narrowly and concerns only "matters relating to marriage, procreation, contraception, family relationships, and child rearing and education."  *Paul v. Davis*, 424 U.S. at 713.  Since the defamation alleged by the plaintiff in *Paul v. Davis*—publication of a record of plaintiff's arrest—was not of this nature, the Supreme Court held there was no violation of his constitutional right to privacy, and, therefore, no basis for recovery under § 1983.  *Id.*

The Tenth Circuit similarly declined to find any violation of a police officer's right to privacy in *Stidham*.  The plaintiff in *Stidham* alleged that he was effectively precluded from employment as a police officer because the defendant, a state agency empowered to certify peace officers, released certain information to the plaintiff's prospective employers.  265 F.3d at 1149.  Specifically, the defendant reported that the plaintiff "had raped a young girl, assaulted a [county] resident, resigned from his [previous] position ... under threat of termination, and was 'at risk' as a peace officer."  *Id.*  None of these alleged disclosures concerned the kind of "highly personal and intimate" information that is entitled to constitutional protection.  *Id.* at 1155.  The

Tenth Circuit found that the plaintiff did not have a legitimate expectation of privacy in matters relating to his job performance or alleged violations of the law, even if such matters were untrue. *Id.*  The proper recourse for the plaintiffs in *Paul v. Davis* and *Stidham* would have been a tort claim under state law.

Plaintiff in the present case argues that "NMCD violated Mr. Otero's liberty [sic] interests by speaking about Mr. Otero's personal matters in public and by publicly posting a wanted poster with his likeness using his employee photograph."  *Resp.* at 5.  Regarding the specifics of these "personal matters," Plaintiff relies solely upon an anonymous letter he received "from an employee of the Human Resources Department."  *Id.* at 4.  The letter states that HR staff "freely discussed that you had been arrested for DWI and domestic violence, and that you spent time in jail as a result."  *Id.*

Consistent with *Paul v. Davis* and *Stidham*, the Court finds that this information—even if presented in an admissible form—is not the sort of "highly personal and intimate" information to which the constitutional right of privacy extends.  In the absence of any violation of Plaintiff's constitutional rights, including his right of privacy, the Court finds that Defendants Knipfing, Jablonski, Gonzales, and Porter are entitled to qualified immunity as to Count V.  Count V will therefore be dismissed with prejudice.

## IV.    CONCLUSION

In view of the analysis set forth herein, the Court finds that Defendants are entitled to qualified immunity on Plaintiff's § 1983 claim set forth in Count V of his Complaint.  This claim will therefore be dismissed, with summary judgment entered in favor of Defendants.

IT IS ORDERED that *Defendants' Motion for Summary Judgment as to Count V*

7

*(Qualified Immunity)* (Doc. 11), filed November 24, 2008, is GRANTED.

DATED April 22, 2009.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:
James A. Otero, *pro se*
Santa Fe, NM

Counsel for Defendants:

Michael Dickman, Esq.
Santa Fe, NM