IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES OTERO,

    Plaintiff,

v.                                No. 08-CV-907 JC/LFG

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Count XIII (Injunctive Relief) (Doc. 50), filed May 29, 2009. The Court has reviewed the parties' filings and the relevant law and finds that Defendants' Motion is well-taken and will be granted, as set forth in more detail below.

### I.    BACKGROUND

Plaintiff James Otero was, until his recent resignation, an employee of the Defendant New Mexico Corrections Department, where he was supervised by Defendants Edward Gonzales, David Jablonski, and Charlene Knipfing. Believing he was discriminated against on account of his military service and his medical condition (post-traumatic stress disorder, or "PTSD"), Plaintiff filed a thirteen-count Complaint against Defendants, which was removed to this Court on October 5, 2008.

The Court dismissed Plaintiff's claims for assault and battery (Count VII), intentional infliction of emotional distress (Count VIII), defamation (Count IX), false light (Count X), invasion of privacy (Count XI), and negligent operation of a public building (Count XII) on April 1, 2009 because there is no applicable waiver of the Defendants' sovereign immunity for

these alleged torts. *Memorandum Opinion and Order* (Doc. 38). The Court granted summary judgment in favor of Defendants as to Plaintiff's claim for violation of his alleged liberty interest (Count V) on April 22, 2009, finding that Plaintiff's allegations of reputational harm by Defendants did not amount to a violation of any constitutional right. *Memorandum Opinion and Order* (Doc. 46). The Court also granted summary judgment in favor of Defendants as to Plaintiff's claims for discrimination and retaliation on the basis of his military service (Counts I & II), discrimination and retaliation on the basis of his PTSD (Count III), discrimination prohibited by the New Mexico Human Rights Act (Count IV), and hostile work environment (Count VI). *Memorandum Opinion and Order* (Doc. 52). Other than the claim for injunctive relief that is presently at issue (Count XIII), Plaintiff's only surviving claim is his allegation of retaliation in violation of the New Mexico Human Rights Act (Count IV).

## II.   LEGAL STANDARD

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Recognizing that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely,'" the Supreme Court nonetheless affirmed dismissal under FED.R.CIV.P. 12(b)(6) where a plaintiff failed to allege facts sufficient to render the defendants' allegations plausible. *Id.* at 1965-66 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). "[A] conclusory allegation ... does not supply facts adequate to show

illegality." *Id.* at 1966. *Accord Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir.1998) ("We accept as true all well-pleaded facts, *as distinguished from conclusory allegations,* and view those facts in the light most favorable to the nonmoving party" (emphasis added)). "The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192 (10th Cir. 2009).

Where the Court considers materials beyond the pleadings in deciding a Rule 12(b)(6) motion to dismiss, it should convert the motion to one for summary judgment. *Northern Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629, n.1 (10th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A "genuine" issue of fact exists where the evidence is such that a reasonable jury could resolve the issue either way. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In response to a motion for summary judgment, a party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." FED.R.CIV.P. 56(e)(2). The party opposing summary judgment must present specific, admissible facts from which a rational trier of fact could find in his favor. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, the Court must consider the record, and all reasonable inferences therefrom, in the light most favorable to the party opposing

the motion.  *Adler* at 670 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 265).

**III.    DISCUSSION**

In Count XIII, Plaintiff claims that "Defendants have demonstrated a persistent and continuous pattern of discrimination based on military status and medical condition and against individuals who engage in protected activity, including Plaintiff." *Am. Complt.* (Doc. 4, Attachment #1) at ¶ 150.  Plaintiff therefore seeks an injunction ordering that Defendants are to: (1) cease harassing Plaintiff; (2) stop displaying Plaintiff in a bad light; (3) cease disseminating and publicizing Plaintiff's private medical and personnel information; (4) undergo appropriate training regarding their duties to avoid discrimination and retaliation; (5) undergo appropriate training as to how to treat and respect those who are serving or have served in the military; and (6) cease discriminating against military servicemen and women "who suffer from medical conditions which require accommodation." *Id.* at ¶ 153.

Defendants argue that Plaintiff's request for injunctive relief is moot.  Not only has the Court previously dismissed all but one of Plaintiff's substantive claims, but Plaintiff also resigned from the Corrections Department, effective May 22, 2009.  *Motion* at Ex. B.  Defendants attach a copy of Mr. Otero's May 22, 2009 memorandum to his immediate supervisor, Defendant Gonzales, stating "I am writing this letter to formally resign ... effective 05/22/2009." *Id.*

Plaintiff does not dispute his resignation, but asserts that his resignation was "due to continued stress, and on the advice of my physician."  *Pl.'s 06/05/2009 Letter to Magistrate Judge Garcia* at 1.  Plaintiff also attaches a document outside of the pleadings—a letter from his physician with the Department of Veterans Affairs, stating, "[it] is my opinion that Mr. Otero

can no longer maintain any gainful employment, as his anxiety and depression have elevated to such extent that his work environment is no longer tolerable or safe for him." *Id.* at Ex. 1. Plaintiff asserts in his letter to the Court that he would plead constructive discharge if he could, "[b]ut I suppose it's too late for that.  Without counsel, I really don't understand the law." *Id.*

"[W]hile a plaintiff who has been constitutionally injured can bring a[n] ... action to recover damages, that same plaintiff cannot maintain a declaratory or injunctive action *unless he or she can demonstrate a good chance of being likewise injured in the future*." *Beattie v. United States*, 949 F.2d 1092, 1093 (10th Cir. 1991) (emphasis added).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974).

The Tenth Circuit recently found that a plaintiff's claims that her school principal violated her First Amendment right to freedom of speech were moot given that the plaintiff had graduated from the school and was therefore "no longer a student under the School District's control." *Corder v. Lewis Palmer Sch. Dist.*, 566 F.3d 1219, 1225 (10th Cir. 2009).  The same situation exists in the present case.  Plaintiff Otero is no longer employed at the Corrections Department, and he is therefore no longer subject to the Defendants' allegedly discriminatory actions. *See, e.g., Beattie* at 1094 (holding that the plaintiff's voluntary termination of his employment "clearly mooted any claims for relief" stemming from alleged discrimination and violations of his constitutional rights).

Plaintiff's suggestion that he may have a new claim for constructive discharge does not redeem his claim for injunctive relief. *Id*. at 1094 (noting that the plaintiff's previous failure to

5

plead a constructive discharge theory or otherwise substantiate it on the record was "not sufficient to keep this case alive").  The Court notes that in order to substantiate a claim for constructive discharge, Plaintiff must show that his working conditions were "so intolerable that a reasonable person would have felt compelled to resign," *Pennsylvania State Police v. Suders*, 542 U.S. 129, 147-48, 124 S.Ct. 2342, 159 L.Ed.2d 204 (2004), or that he "had no other choice but to quit," *Gormley v. Coca-cola Enterprises*, 2005-NMSC-003, ¶ 10, 137 N.M. 192, 109 P.3d 280 (quoting *Yearous v. Niobrara County Mem'l Hosp.*, 128 F.3d 1351, 1356 (10th Cir. 1997).  This has been characterized as "an even higher standard than that required for sexual harassment."  *Ulibarri v. New Mexico Corrections Academy*, 2006-NMSC-009, ¶ 14, 139 N.M. 193, 131 P.3d 43.  In the present case, however, the Court granted summary judgment in favor of Defendants on Plaintiff's hostile work environment claim, finding that Plaintiff's allegations "d[id] not rise to the level of severity or pervasiveness required to support a hostile work environment claim."  *Memorandum Opinion and Order* (Doc. 52) at 19.

**IV.   CONCLUSION**

Considering the record, and making all reasonable inferences therefrom in the light most favorable to Plaintiff, I find there is no genuine issue as to any fact material to Plaintiff's claim for injunctive relief.  Plaintiff voluntarily terminated his employment effective May 22, 2009, rendering his claims for injunctive relief moot in that he can no longer contend, under any reasonable view of the facts, a good chance of being likewise injured by Defendants in the future.  Defendants are therefore entitled to judgment on Plaintiff's Count XIII.

WHEREFORE, **IT IS  ORDERED** that *Defendants' Motion to Dismiss Count XIII (Injunctive Relief)* **(Doc. 50)**, filed May 29, 2009, is **GRANTED**.  **Count XIII is therefore**

**dismissed with prejudice**.

Dated July 13, 2009.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

James Otero, *pro se*
Santa Fe, NM

Counsel for Defendants:

Michael Dickman, Esq.
Santa Fe, NM