IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JAMES OTERO,

    Plaintiff,

v.                                                      Case No. 08-CV-907 JC/LFG

STATE OF NEW MEXICO CORRECTIONS
DEPARTMENT, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' *Second Motion for Summary Judgment as to Count IV* (Doc. 54), filed July 9, 2009. The Court, having reviewed the Motion, being otherwise informed in the premises, and noting that Plaintiff Otero has not responded, finds that Defendants' motion is well-taken and should be granted.

**I.    BACKGROUND**

In his Count IV, Plaintiff contends that the Defendants' conduct, which is set forth in detail in the Court's prior Opinions, amounts to unlawful retaliation under the New Mexico Human Rights Act (NMHRA). *First Am. Complt.* at 10. The Court has previously denied summary judgment on Plaintiff's retaliation claim after finding that Plaintiff had arguably engaged in protected activities in December 2005, March 2008, June 2008, and August 2008 and that Plaintiff had sufficiently alleged materially adverse conduct by Defendants on and related to May 6, 2008 and possibly also at unknown other times when Plaintiff was not permitted to attend a work-related conference, not informed of training opportunities and when Plaintiff's supervisor

harassed him. *Memo. Op. and Order* (Doc. 52), filed June 9, 2009, at 13-14. In the pending Motion, Defendants contend that their actions on and related to May 6, 2008 cannot be considered materially adverse as a matter of law because (a) Defendant Porter had never met Plaintiff and knew nothing about him at the time, and (b) Defendants ultimately removed the reprimand resulting from the events of May 6, 2008 from Plaintiff's file. *Motion* at 4. Defendants also provide specific dates of other alleged adverse actions and contend the Court should conclude there is no causal connection between Plaintiff's protected activities and these alleged adverse actions.

## II.    LEGAL STANDARD

To survive summary judgment, Plaintiff must show that (1) he engaged in protected opposition to discrimination, (2) his employer took some action that a reasonable employee would have found to be materially adverse or that might have dissuaded a reasonable worker from engaging in the protected conduct, and (3) a causal connection exists between the protected activity and the materially adverse action. *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007). These factors are required to establish a prima case of retaliation under the federal Americans with Disabilities Act (ADA), and although New Mexico has not adopted federal law as its own with regard to the NMHRA, the New Mexico Supreme Court has held that "it is appropriate to rely upon federal adjudication for guidance in analyzing a claim under the Act." *Trujillo v. Northern Rio Arriba Coop., Inc.*, 2002-NMSC-004, ¶ 8, 131 N.M. 607, 41 P.3d 333.

In the event that a plaintiff is able to prove all three elements of the prima facie case, the burden shifts to the defendant(s) to demonstrate a legitimate non-retaliatory explanation for their

alleged adverse actions.  *Proctor* at 1208.  Here, "[t]he defendant need not prove the absence of retaliatory motive, but only produce evidence that would dispel the inference of retaliation by establishing the existence of a legitimate reason."  *Jencks v. Modern Woodmen of America*, 479 F.3d 1261, 1267, n.4 (10th Cir. 2007) (quoting *Burrus v. United Telephone Co.*, 683 F.2d 339, 343 (10th Cir. 1982)).

If Defendants articulate a valid justification for their adverse treatment of Plaintiff, "the burden shifts back to Plaintiff to show the justification is merely pretext for a retaliatory motive." *Juneau v. Intel Corp.*, 2006-NMSC-002, ¶ 23 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).  To raise a fact issue of pretext, [Plaintiff] must present evidence of temporal proximity *plus* circumstantial evidence of retaliatory motive."  *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1172 (10th Cir. 2006) (noting further that the Tenth Circuit "has refused to allow even very close temporal proximity to operate as a proxy for the evidentiary requirement that the plaintiff demonstrate pretext" (internal quotations and alteration omitted)).

### III.  DISCUSSION

Plaintiff's Count IV does not specify the exact conduct on which his retaliation claim is based.  However, as the Court has previously noted, Plaintiff has satisfied the element of protected activity based upon: (1) his requested accommodation to his workload in December 2005, (2) his requested accommodation to his work schedule in March 2008, (3) his requested transfer to a position as a canine officer in August 2008, and (4) his EEOC Charge of Discrimination, filed June 23, 2008.  *Memo. Opinion and Order* (Doc. 52), filed June 9, 2009, at 14.  Defendants correctly contend that because Plaintiff did not comply with the procedures for

requesting an accommodation/transfer to the non-existent canine unit, Plaintiff's transfer request should not qualify as an instance of protected activity. There remain three instances of protected activity upon which Plaintiff's retaliation claim may be based.

The Court has previously ruled that Plaintiff had satisfied the second element of a prima facie case for retaliation based on (1) Plaintiff's allegations of mistreatment at the May 6, 2008 training, (2) alleged denials of requests to attend meetings of the Interstate Compact Commission, (3) alleged failures to notify Plaintiff of other training opportunities, and (4) alleged harassment regarding Plaintiff's dress and hair by Plaintiff's supervisor, Defendant Gonzales. *Id.* at 14. Given the additional arguments and evidence in Defendants' Motion, the Court agrees with Defendants that only the first of these alleged instances of retaliation is sufficient adverse action to support a claim for retaliation. The Court further agrees that Plaintiff lacks evidence to support retaliation claims against either Defendant Gonzales or Defendant Porter, and all claims against these defendants will therefore be dismissed with prejudice. But summary judgment is not appropriate as to Plaintiff's claim of retaliation by Defendants Jablonski, Knipfing, and the Corrections Department stemming from the events and aftermath of May 6, 2008.

> **A.   Plaintiff Cannot Support A Retaliation Claim Premised Upon Defendants' Denials of Requests to Attend Meetings of the Interstate Compact Commission.**

In response to Plaintiff's contention that he is entitled to attend annual meetings of the "Interstate Compact," Defendants present the affidavit of Plaintiff's supervisor, Defendant Gonzales, stating that "[n]o employee of the Interstate Compact office ... is 'entitled' to attend such annual meetings without prior submission of a written Training Request Form and prior,

written departmental approval." *2nd Motion for Summ. Judgmt. as to Count IV* (Doc. 54) at Ex. A, ¶ 10. Defendant Gonzales further testifies that Plaintiff failed to submit any Training Request Form requesting to attend meetings of the "Interstate Compact" in 2007, 2008, or 2009. *Id.* at Ex. A, ¶ 7. Plaintiff's failure to adhere to the Corrections Department policy for training requests not only constitutes a legitimate non-retaliatory explanation for this alleged retaliation, but it further demonstrates that no such retaliation occurred. As a result, the Court will grant Defendants' motion for summary judgment as to Count IV to the extent such a claim is premised on alleged denials of requests to attend these meetings.

> **B.    Retaliation Claims Are Dismissed With Prejudice Insofar as Such Claims Are Related to Defendants' Alleged Failures to Notify Plaintiff of Training Opportunities.**

Defendants' Motion also contains evidence demonstrating that all employees of the Probation and Parole Division are notified of upcoming training opportunities in the same manner. Defendant Gonzales' affidavit states that all employees are automatically notified of training opportunities by email. *Id.* at Ex. A, ¶ 5. Email notifications are performed by a training coordinator within the Division, and Defendant Gonzales states that Plaintiff has not been excluded from these notifications. *Id.* Given Plaintiff's failure to respond with evidence indicating otherwise, summary judgment is appropriate in favor of Defendants on this claim.

> **C.    Allegations of Retaliation in the form of Harassment by Defendant Gonzales Are Unfounded and Are Therefore Dismissed With Prejudice.**

Plaintiff contends that Defendant Gonzales has retaliated against him in three ways. First, Plaintiff claims that every time he expressed dissatisfaction with his job, Defendant Gonzales would advise him to file a grievance with the union. *Resp. to Motion for Summ. Judgmt. as to Counts 1, 2, 3, 4, and 6 of Plaintiff's Am. Complt.* (Doc. 45) at 6. Defendant

5

Gonzales testifies he can recall one instance similar to what Plaintiff describes.  *2nd Motion for Summ. Judgmt. as to Count IV* (Doc. 54) at Ex. A, ¶ 14.  On this occasion, Plaintiff was upset that some correctional facilities were releasing inmates to parole without informing the Interstate Compact Office.  *Id.*  Defendant Gonzales explains that he "tried every measure [he] could think of to obtain cooperation from the prisons but to little avail."  *Id.*  When Plaintiff continued to complain about this, Defendant Gonzales says he told Plaintiff he didn't know what else he could do, but that maybe Plaintiff should file a grievance with the Union.  *Id.*  This kind of statement does not rise to the level of adverse action required to support a retaliation claim, and the Court will therefore grant summary judgment on Count IV to the extent Count IV arises from this conduct by Defendant Gonzales.

The second form of retaliation by Defendant Gonzales, according to Plaintiff, is alleged harassment about Plaintiff's dress and hair.  *Resp. to Motion for Summ. Judgmt. as to Counts 1, 2, 3, 4, and 6 of Plaintiff's Am. Complt.* (Doc. 45) at 6.  Defendant Gonzales recalls telling Plaintiff he appeared sloppy, wearing jeans and a tee-shirt, in violation of a Corrections Department Policy.  *2nd Motion for Summ. Judgmt. as to Count IV* (Doc. 54) at Ex. A, ¶ 12.  Defendant Gonzales also gave Plaintiff a copy of the subject policy.  *Id.*  There was no formal reprimand or other form of discipline.  *Id.*  Given this explanation, and Plaintiff's failure to respond thereto, the Court will grant summary judgment on Count IV insofar as it is based on this alleged conduct.

Plaintiff's third allegation of retaliation by Defendant Gonzales arises from Defendant Gonzales' alleged request to Plaintiff not to question him about distribution of overtime hours.  Even assuming this rises to the level of an adverse action necessary to support a retaliation

claim, Defendant Gonzales' undisputed account of this incident convinces the Court that summary judgment is appropriate relating to this allegation.

### D. Retaliation Claims Against Defendant Porter Are Dismissed With Prejudice.

Defendants argue that the events of May 6, 2008 should not be considered sufficient adverse action because Defendant Porter had never met Plaintiff and knew nothing about him as of their encounter on May 6, 2008; therefore, he "could not have retaliated against Plaintiff based on Plaintiff's prior requests for accommodation (of which Porter was unaware)." *Motion* at 3-4. The Court agrees. Given Porter's lack of knowledge as to any of Plaintiff's asserted protected activities and the fact that Porter was not involved in any subsequent adverse actions, Count IV should be dismissed in its entirety insofar as it is alleged against Defendant Porter.

### E. Removal Of Reprimand Does Not Obviate May 6, 2008 Adverse Action.

Defendants also contend that the events related to May 6, 2008 are not materially adverse actions because "the Department itself ultimately removed the reprimand from Plaintiff's personnel file, thereby obviating any 'retaliation' which the reprimand may be seen to have represented." The Court finds this argument misplaced given that an adverse action sufficient to support a retaliation claim need not affect the terms or conditions of employment. *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 64, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (concerning retaliation claim under Title VII). All that is required to establish adverse action amounting to retaliation is an action "that would have been materially adverse to a reasonable employee" or that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* at 57, 68. Indeed, the NMHRA broadly prohibits "any form of threats, reprisal or discrimination against any person who has opposed an unlawful

discriminatory practice." NMSA 1978, § 28-1-7(I)(2). The fact that Defendants ultimately removed the reprimand after Plaintiff's Union filed a grievance on his behalf does not mean the reprimand never occurred. In the Court's view, such a reprimand, even when removed pursuant to a later grievance, could certainly dissuade a reasonable worker from engaging in protected activity. This is particularly true when the circumstances surrounding Plaintiff's reprimand—including his three-week suspension from work, the posting of his photograph throughout the workplace, and the requirement that he make daily "check-in" phone calls to his supervisor during suspension—are considered.

      **F.**      **Plaintiff Lacks Sufficient Evidence of Causal Connection Between Two of the Three Protected Activities and the Adverse Actions Related to May 6, 2008.**

In light of the more complete factual record provided by Defendants in this latest round of briefing, the Court will re-examine whether a causal connection exists between the adverse action and the asserted protected activities.

"'A retaliatory motive may be inferred when an adverse action closely follows protected activity. However, unless the termination is very closely connected in time to the protected activity, the plaintiff must rely on additional evidence beyond temporal proximity to establish causation.'" *Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir.1999)). Absent additional evidence, a three-month separation between the protected activity and the adverse action was too great to justify an inference of causal connection. *Id.*

Here, Plaintiff presents no evidence of causation beyond temporal proximity. As such, the three-year separation between Plaintiff's December 2005 request for accommodation and the May 2008 adverse action is far too long to justify an inference of causal connection. However,

the two-month separation between Plaintiff's requested schedule accommodation in March 2008 and the May 2008 incident and subsequent reprimand could support an inference of causation, and summary judgment is therefore not appropriate with respect to this claim.  Because the third and final instance of protected activity—Plaintiff's June 23, 2008 EEOC charge—occurred after the adverse action on and related to the May 6, 2008 Motivational Interviewing Class, there is no basis upon which a jury could reasonably conclude that Defendants' adverse action was caused by the EEOC charge.

### F. Plaintiff Further Fails to Show Adequate Evidence of Retaliatory Motive on Defendants' Part Related to the Events and Aftermath of May 6, 2008.

Defendants contend that there is a legitimate non-discriminatory explanation for their adverse actions—namely, that Defendants' actions were taken solely in response to Plaintiff's insubordinate and disruptive behavior at the May 6, 2008 course and not the result of any discriminatory intent.  *Motion* at 10.  For instance, Defendants contend that Plaintiff was rude to the staff manning the registration table, wore dark sunglasses, sat at the back of the room, refused to change seats in order to interact with other attendees as the course required, and then refused to leave the class after he was requested to do so by Defendant Porter, the course instructor.  *Motion for Summ. Judgmt. as to Counts I, II, III, IV, and VI* (Doc. 26) at 8-9, ¶ 14. Defendants claim that Plaintiff's continued insubordination and disruptive behavior made it necessary for Porter to contact Plaintiff's supervisors, Defendants Jablonski and Knipfing, and for Jablonski and Knipfing to engage place Plaintiff on administrative leave and, ultimately, issue a written reprimand.  *Id.* at 9, ¶ 14.  The Court need not be persuaded that Defendants were actually motivated by the proffered reasons.  *Texas Dept. Of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (holding that "[i]t is sufficient if the

defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff").

Defendants having met their burden, Plaintiff can show pretext with evidence of "such weaknesses, implausibilities, inconsistencies, incoherence, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) (internal citations and quotations omitted).  Plaintiff cannot rely on temporal proximity alone to demonstrate pretext.  *Metzler*, 464 F.3d at 1172.

Plaintiff has made no attempt to respond to the instant Motion by Defendants.  Plaintiff did respond to Defendants' first Motion for Summary Judgment as to Count IV, raising fact disputes as to his behavior on May 6, 2008.  For example, rather than being rude to the registration staff for the May 6, 2008, as alleged by Defendants, Plaintiff contends it was the registration staff who advised him he could "sit anywhere he would like" because his assigned seat was full.  *Resp. To Motion for Summ. Judgmt. As to Counts I, II, III, IV, and VI* at 2, ¶ 3.  Similarly, Plaintiff denies refusing to participate in the class, claiming that in fact he participated fully in the class for thirty to forty-five minutes "before he was summoned from the classroom by Defendant Jablonski and Defendant Knipfing."  *Id.*

These disputes do not have any tendency to show retaliatory motive by the remaining Defendants.  It was Defendant Porter, and Defendant Porter alone, who had knowledge of Plaintiff's insubordinate behavior in the May 6, 2008 Motivational Interviewing Class.  To the extent that Plaintiff disputes Defendant Porter's account of events, this dispute could

10

conceivably constitute evidence of pretext on the part of Defendant Porter. However, as the Court has already noted, Defendant Porter had no knowledge of Plaintiff's prior protected activities and therefore could not have retaliated against Plaintiff for those activities as a matter of law.

The fact disputes raised by Plaintiff do not have any tendency to demonstrate retaliatory motive on behalf of Defendants Jablonski and Knipfing. In fact, Plaintiff admits Defendants' statement that "the factual basis of the reprimand [issued to Plaintiff by Defendant Jablonski] was Plaintiff's disruptive actions at the May 6, 2008 Motivational Interviewing Class, which led Instructor Denis Porter, the Program Manager in charge, to request Plaintiff to leave the classroom, and Plaintiff's refusal to obey Mr. Porter's instructions, thereby necessitating intervention by Ms. Knipfing and Mr. Jablonski." *Motion for Summ. Judgmt. As to Counts I, II, III, IV, and VI* (Doc. 26) at 10-11, ¶ 22; *Resp. To Motion for Summ. Judgmt. As to Counts I, II, III, IV, and VI* (Doc. 45) at 3, ¶ 8. Plaintiff further fails to dispute Defendants' assertion that "[e]verything that Ms. Knipfing and Mr. Jablonski did with regard to the May 6, 2008 incident was based on their own perceptions of Plaintiff's behavior and the investigation conducted by Mr. Solomon, and nothing Ms. Knipfing or Mr. Jablonski did was based on Plaintiff's status as a military veteran or his PTSD." *Motion for Summ. Judgmt. As to Counts I, II, III, IV, and VI* (Doc. 26) at 11-12, ¶ 24; *Resp. To Motion for Summ. Judgmt. As to Counts I, II, III, IV, and VI* (Doc. 45) at 3-4, ¶ 10.

Even construing this record in the light most favorable to Plaintiff, the Court cannot find that a reasonable jury could find evidence of retaliatory motive by the remaining Defendants. As a result, summary judgment on the entirety of Count IV is appropriate.

## IV.     CONCLUSION

Having reviewed the parties' briefings and being otherwise fully informed, the Court determines that there are no genuine disputes as to material issues of fact, and summary judgment should be granted as to Plaintiff's Count IV.  Because there are no further claims before the Court, Plaintiff's lawsuit will be dismissed with prejudice.

IT IS THEREFORE ORDERED that *Defendants' Second Motion for Summary Judgment as to Count IV* (Doc. 54), filed July 9, 2009, is GRANTED.  Count IV, which is Plaintiff's only remaining claim, is dismissed with prejudice.

Dated August 27, 2009.

s/John Edwards Conway

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

James Otero, *pro se*
Santa Fe, NM

Counsel for Defendants:

Michael Dickman, Esq.
Santa Fe, NM